UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DONALD EDWARD FLYNN,

           Petitioner,

v.                                                        Case Number 10-13906
                                                       Honorable Thomas L. Ludington

WAYNE COUNTY JAIL,

            Respondent.
_____/

## OPINION AND ORDER OF DISMISSAL

Petitioner Donald Edward Flynn, presently confined at the Wayne County Jail in Detroit, Michigan, filed a pro se application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 30, 2010. Petitioner was convicted in Wayne County Circuit Court of aggravated indecent exposure, Mich. Comp. Laws § 750.335a(2)(b), and sentenced on May 14, 2010, to one year in jail. He appears to allege that (1) an element of the offense was not proved, (2) his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), were violated, (3) his rights under the Ninth Amendment were violated, and (4) the prosecutor did not prove its case beyond a reasonable doubt.

A threshold question is whether Petitioner has exhausted state court remedies for his claims. *Wagner v. Smith*, 581 F.3d 410, 415 (6th Cir. 2009) (citing *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009)). The doctrine of exhaustion of state remedies requires state prisoners to fairly present their claims to the state court before raising them in a federal habeas corpus petition. *See* 28 U.S.C. §§ 2254(b)(1) and 2254(c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The exhaustion requirement is satisfied if a prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state

supreme court, "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan*, 526 U.S. at 845, 847. This means that a habeas petitioner must present his or her issues to the state court of appeals and to the state supreme court. *Wagner v. Smith*, 581 F.3d at 414 (citing *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990) (citing *Winegar v. Corr. Dep't*, 435 F. Supp. 285, 289 (W.D. Mich. 1977))). "It is the petitioner's burden to prove exhaustion." *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) (citing *Darr v. Burford*, 339 U.S. 200, 218-19 (1950)).

Petitioner alleges that he has exhausted every remedy of which he is aware, but he also alleges that his case is pending before the Michigan Court of Appeals. Records maintained by the Michigan Court of Appeals on its official website confirm that Petitioner's case is open and pending on appeal. *See* http://coa.courts.mi.gov. Thus, Petitioner has not exhausted state remedies for his claims. He must await resolution of his claims in the Michigan Court of Appeals and then seek relief in the Michigan Supreme Court.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus [Dkt. #1] is **DISMISSED** without prejudice.

It is further **ORDERED** that a certificate of appealability is **DENIED**, because reasonable jurists would not "find it debatable whether the petition states a valid claim of the denial of a constitutional right" or whether the Court's procedural ruling is correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

It is further **ORDERED** that Petitioner may proceed in forma pauperis on appeal if he chooses to appeal this decision because he was permitted to proceed in forma pauperis in this Court. Fed. R. App. P. 24(a)(3).

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: October 29, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 29, 2010.

s/Tracy A. Jacobs  
TRACY A. JACOBS